# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-01156-LJO-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO OPEN NEW ACTION AND THE AMENDED COMPLAINT, FILED BY PLAINTIFF ON JUNE 30, 2017, BE THE OPERATIVE COMPLAINT IN THE NEW ACTION AND DIRECTING DEFENDANTS TO FILE A FURTHER RESPONSE TO THE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>[ECF Nos. 67, 68, 69] |

Plaintiff Perry C. Blair is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's fourth amended complaint, motion to sever, and motion to proceed in forma pauperis, filed June 30, 2017.

## I.

## PROCEDURAL BACKGROUND

On February 9, 2016, Defendants filed a motion to dismiss the complaint for failure to state a cognizable claim for relief and a separate motion to sever claims. (ECF Nos. 31, 32.) Plaintiff filed an opposition on June 2, 2016, and Defendants filed a reply on June 9, 2016. (ECF Nos. 43-46.)

On July 15, 2016, the undersigned issued Findings and Recommendations recommending that Defendants' motion to dismiss be granted in part and denied in part. The Findings and

1

Recommendations specifically recommended that Defendants' motion to dismiss Plaintiff's request for injunctive relief and official-capacity claims for monetary damages be granted, Defendants' motion to dismiss certain claims for failure to state a cognizable claim for relief be denied, Plaintiff's motion to amend and/or supplement the second amended complaint be granted to the cure the Rule 20 defect only, and Defendants' motion to sever Plaintiff's medical claim be denied, without prejudice. The Findings and Recommendations were adopted in full on September 28, 2016, and the Clerk of Court was directed to file and docket Plaintiff's third amended complaint which was attached to his objections (Doc. No. 53).

On February 24, 2017, the undersigned dismissed Plaintiff's third amended complaint, with leave to amend, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

On June 30, 2017, Plaintiff filed an amended complaint, along with a separate motion requesting to sever the medical claims and to proceed in this action only on the retaliation claim against Defendant Johnson, the cruel and unusual punishment claim against Defendants Johnson, Ybarra, Alva, Chan, O'Daniels, Franco, Sanchez, Esqueda, Santos and John Doe (Assistant Warden), and due process claim against Defendants Santos, Esqueda, and Ybarra.

## II.

## DISCUSSION

The Court will grant Plaintiff's request to sever and file a new action regarding the allegations presented in the amended complaint, filed June 30, 2017, and allow this action to proceed on the second amended complaint, filed May 4, 2015. As Plaintiff has now expressed a desire to not further amend the complaint, but rather to proceed on the second amended complaint, filed May 4, 2015, the Court will reinstate the second amended complaint as the operative complaint in this action, and direct Defendants to file a further response within thirty (30) days from the date of service of this order.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to sever his deliberate indifference to a serious medical claim as set forth in the amended complaint, filed June 30, 2017, is granted, and the Clerk of Court is directed to

open a new prisoner civil rights complaint and file the fourth amended complaint (Doc. No. 67)[1], along with the motion to proceed in forma pauperis in the new action(Doc. No. 69);

2. This action proceeds on Plaintiff's second amended complaint, filed May 4, 2015; and

3. Defendants Johnson, Ybarra, Alva, Chan, O'Daniels, Franco, Sanchez, Esqueda, Santos, and John Doe (Assistant Warden), shall file a further response to the second amended complaint within **thirty (30)** days from the date of service of this order.

IT IS SO ORDERED.

Dated: **August 1, 2017**

UNITED STATES MAGISTRATE JUDGE

---

[1] In directing that a new action be opened, the Court expresses no opinion as to whether Plaintiff has in fact stated a cognizable claim for deliberate indifference.