# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR,<br><br>  Plaintiff,<br><br>  v.<br><br>D. MENDIVIL, et al.,<br><br>  Defendants. | Case No. 1:17-cv-01015-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION PROCEED ON PLAINTIFF'S CLAIM OF DELIBERATE INDIFFERENCE AGAINST CERTAIN DEFENDANTS AND DISMISSAL OF ALL OTHER CLAIMS AND DEFENDANTS<br><br>(ECF No. 2] |

Plaintiff Perry C. Blair is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 1, 2017, in <u>Perry C. Blair v. CDCR, et.al.</u>, case number 1:14-cv-01156-LJO-SAB (PC), the Court granted Plaintiff's request to sever and file a new action regarding the allegations set forth in the fourth amended complaint. The Clerk of Court opened the instant prisoner civil rights action and filed the fourth amended complaint as the operative complaint. In that order, the Court expressed no opinion as to the merits of the claims presented in the complaint.

///
///
///
///
///

1

## I.
## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

In the early morning of June 2, 2014, at approximately 5:30 a.m., Plaintiff awoke with an urge to relieve himself, as a result he stood up from his bunk walked to the toilet bowl urinated. After relieving himself, Plaintiff turned around and proceeded to walk back to his bunk and instantly he suffered from severe lower back and leg muscle spasms which caused hi leg to give out. Plaintiff stumbled backwards then fell, striking his tailbone on the rim of the steel toilet. Upon contact,

Plaintiff's back made a loud cracking noise and Plaintiff screamed out in agony awaking his cellmate, Daniels. Daniels jumped out of his bunk and realized Plaintiff was leaning on the toiled in a sitting position.

Daniels asked Plaintiff "are you o.k.?" and Plaintiff replied, "no I can't stand up – I think I just broke something .. it hurts… call man down." Daniels picked Plaintiff up and carried him over to his bunk then laid Plaintiff on his stomach then walked to the door and yelled, "Man Down, Man Down!" until the tower officer John Doe No. 1 ordered Daniels to "Shut the fuck up!" Daniels informed the tower officer (John Doe No. 1) that Plaintiff was need of medical help. John Doe No. 1 replied, "I don't give a fuck, stop yelling or I'm going to send the floor staff to fuck your cell up and pepper spray ya'll."

Upon discovering what transpired, every prisoner in Plaintiff's section started beating on their door and simultaneously yelled, "Man Down!" Around an hour and a half later, the floor staff entered the section yelling, "shut the fuck up," as they approached Plaintiff's cell door. Daniels informed officer John Doe Nos. 2 and 3, "My celly fell and hit his back on the toilet I think he broke something." John Doe No. 2 replied, "didn't I tell you to shut the fuck up. What you wan'a get sprayed up or something?" When John Doe Nos. 2 and 3 go to the door they stated, "we're not about to go get a stretcher and carry his clumsy ass to medical now stop yelling or else we're going to cell extract ya'll and pepper spray ya'll."

Finally, Defendant registered nurse D. Mendivil approached Plaintiff's cell door with John Doe No. 2 as they were passing out morning medications. Daniels informed Mendivil and John Doe No. 2 "my celly fell backwards into the toilet, his back popped and he can't stand up or walk he need[s] to go to medical." Mendivil handed Daniels a medical request slip. Plaintiff contends that in an emergency situation the registered nurse (Mendivil) was required to inform the tower to hit the alarm to summon emergency medical assistance to respond with a stretcher in order to transport Plaintiff to the medical department. Daniels stated, "this is an urgent care situation—he needs immediate medical attention, he can't even stand up and he's in severe pain." Mendivil ordered that Plaintiff fill out the medical slip and indicated it would be picked up at the noon medication pass, and the doctor would call Plaintiff the next day. Plaintiff yelled from the bunk where he was still laying on his stomach, "I

can't wait til tomorrow this is an emergency I'm in severe pain and I think my shit is broke I can't stand up or walk – hit the alarm!" Mendivil handed John Doe No. 2 the medical sick call slip and John Doe No. 2 stated, "come get the form – Daniels reached to grab the slip and said," he need medical treatment now this shit can't wait." John Doe No. 2 yelled, "get the hell off the door and mine your own business… Blair get your ass up and come talk to the RN yourself." Plaintiff yelled, "I can't stand up – hit the fukin alarm."

On June 4, 2014, Plaintiff submitted an inmate appeal regarding the misconduct and lack of medical treatment.

On June 29, 2014, Plaintiff submitted an inmate appeal regarding the lack of response to his previous grievance.

On October 11, 2014, Plaintiff filed a Government claim against John Doe Nos. 1 through 5 and registered nurse D. Mendivil.

### III.

### DISCUSSION

#### A.     Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Based on Plaintiff's allegations in the complaint, Plaintiff states a cognizable claim for deliberate indifference against Defendants registered nurse D. Mendivil and John Doe Nos. 1, 2, and 3; however, Plaintiff's allegations fail to give rise to a cognizable claim for deliberate indifference as to any other individual.[1]

### B. Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff fails to state a cognizable claim for denial of access to the courts. The right of access protects only the right to file direct criminal appeals, habeas petitions, and civil rights actions. See Lewis, 518 U.S. at 354-55. Plaintiff has failed to allege or establish that he sustained actual injury. Id. Accordingly, Plaintiff fails to state a cognizable claim for denial of access to the courts.

## IV.
## RECOMMENDATIONS

Plaintiff's complaint states a cognizable claim against Defendants D. Mendivil and John Doe Nos. 1, 2, and 3 for deliberate indifference in violation of the Eighth Amendment. Because Plaintiff was previously notified of the deficiencies as to these claims in the preceding action from which this

---

[1] Plaintiff is advised that the Court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe Defendant. Therefore, before the Court orders the United States Marshal to serve a Doe defendant, Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. The United States Marshal cannot initiate service of process on unknown defendants. Plaintiff will be given an opportunity through discovery to identify the unknown (Doe) defendants. Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Once the identity of a Doe defendant is ascertained, the Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. Therefore, the court will send plaintiff the appropriate service documents at such time that plaintiff ascertains the identities of the Doe defendants. However, if Plaintiff fails to identify any Doe defendant during the course of the discovery, any Doe Defendant will be dismissed from this action.

case was severed, see Perry C. Blair v. CDCR, et.al., case number 1:14-cv-01156-LJO-SAB (PC), and despite guidance from the Court, Plaintiff's present allegations assert the same allegations as previously presented. Accordingly, based on the allegations in the present complaint, as well as Plaintiff's previous complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief under § 1983, and further amendment would be futile. See Hartman v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's claim of deliberate indifference against Defendants D. Mendivil and John Doe Nos. 1, 2, and 3;

2. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief; and

3. The Office of the Clerk is directed to randomly assign this matter to a district judge.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 22, 2017**

UNITED STATES MAGISTRATE JUDGE