# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR,<br><br>        Plaintiff,<br><br>    v.<br><br>D. MENDIVIL,<br><br>        Defendant. | Case No.: 1:17-cv-01015-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S EXHAUSTION RELATED MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 20] |

    Plaintiff Perry C. Blair is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Defendant's exhaustion related motion for summary judgment, filed June 6, 2018.

**I.**

**RELEVANT HISTORY**

    This action is proceeding against Defendant D. Mendivil for deliberate indifference to a serious medical need.

    Defendant filed an answer to the complaint on June 1, 2018. On June 6, 2018, the Court issued the discovery and scheduling order.

As previously stated, on June 6, 2018, Defendant filed an exhaustion related motion for summary judgment.[1] Plaintiff filed a timely opposition on August 27, 2019, and Defendant filed a reply on September 4, 2018. Therefore, Defendant's motion for summary judgment is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

### A. Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce

---

[1] **Error! Main Document Only.**Plaintiff was provided with contemporaneous notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998). (ECF No. 20-1.)

1 evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

///
///
///

///

## III.

## DISCUSSION

### A. Description of CDCR's Administrative Remedy Process

Plaintiff is a former state prisoner who was at the time of filing the instant complaint in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).

### B. Summary of Allegations Underlying Plaintiff's Constitutional Claims

In the early morning of June 2, 2014, at approximately 5:30 a.m., Plaintiff awoke with an urge to relieve himself, as a result he stood up from his bunk walked to the toilet bowl and urinated. After relieving himself, Plaintiff turned around and proceeded to walk back to his bunk and instantly he suffered from severe lower back and leg muscle spasms which caused his leg to give out. Plaintiff stumbled backwards then fell, striking his tailbone on the rim of the steel toilet. Upon contact, Plaintiff's back made a loud cracking noise and Plaintiff screamed out in agony awaking his cellmate, Daniels. Daniels jumped out of his bunk and realized Plaintiff was leaning on the toilet in a sitting position.

Daniels asked Plaintiff "are you o.k.?" and Plaintiff replied, "no I can't stand up – I think I just broke something .. it hurts… call man down." Daniels picked Plaintiff up and carried him over to his bunk then laid Plaintiff on his stomach then walked to the door and yelled, "Man Down, Man Down!" until the tower officer John Doe No. 1 ordered Daniels to "Shut the fuck up!" Daniels informed the

tower officer (John Doe No. 1) that Plaintiff was in need of medical help. John Doe No. 1 replied, "I don't give a fuck, stop yelling or I'm going to send the floor staff to fuck your cell up and pepper spray ya'll."

Upon discovering what transpired, every prisoner in Plaintiff's section started beating on their door and simultaneously yelled, "Man Down!" Around an hour and a half later, the floor staff entered the section yelling, "shut the fuck up," as they approached Plaintiff's cell door. Daniels informed officer John Doe Nos. 2 and 3, "My celly fell and hit his back on the toilet I think he broke something." John Doe No. 2 replied, "didn't I tell you to shut the fuck up. What you wan'a get sprayed up or something?" When John Doe Nos. 2 and 3 go to the door they stated, "we're not about to go get a stretcher and carry his clumsy ass to medical now stop yelling or else we're going to cell extract ya'll and pepper spray ya'll."

Finally, Defendant registered nurse D. Mendivil approached Plaintiff's cell door with John Doe No. 2 as they were passing out morning medications. Daniels informed Mendivil and John Doe No. 2 "my celly fell backwards into the toilet, his back popped and he can't stand up or walk he need[s] to go to medical." Mendivil handed Daniels a medical request slip. Plaintiff contends that in an emergency situation the registered nurse (Mendivil) was required to inform the tower to hit the alarm to summon emergency medical assistance to respond with a stretcher in order to transport Plaintiff to the medical department. Daniels stated, "this is an urgent care situation—he needs immediate medical attention, he can't even stand up and he's in severe pain." Mendivil ordered that Plaintiff fill out the medical slip and indicated it would be picked up at the noon medication pass, and the doctor would call Plaintiff the next day. Plaintiff yelled from the bunk where he was still laying on his stomach, "I can't wait til tomorrow this is an emergency I'm in severe pain and I think my shit is broke I can't stand up or walk – hit the alarm!" Mendivil handed John Doe No. 2 the medical sick call slip and John Doe No. 2 stated, "come get the form – Daniels reached to grab the slip and said," he need medical treatment now this shit can't wait." John Doe No. 2 yelled, "get the hell off the door and mine your own business… Blair get your ass up and come talk to the RN yourself." Plaintiff yelled, "I can't stand up – hit the fukin alarm."

On June 4, 2014, Plaintiff submitted an inmate appeal regarding the misconduct and lack of medical treatment.

On June 29, 2014, Plaintiff submitted an inmate appeal regarding the lack of response to his previous grievance.

On October 11, 2014, Plaintiff filed a Government claim against John Doe Nos. 1 through 5 and registered nurse D. Mendivil.

**B.    Statement of Undisputed Facts**

1. Between June 2, 2014, and June 30, 2017, (the relevant period), Plaintiff Perry Blair (G-00398), was a prisoner within the custody of the California Department of Corrections and Rehabilitation (CDCR). (Pl.'s Compl., ECF No. 2.)

2. During the relevant period in his complaint, Plaintiff was incarcerated at Corcoran State Prison (Corcoran), in Corcoran, California. (Pl.'s Compl., ECF No. 2.)

3. During the relevant period in Plaintiff's complaint, Defendant Mendivil was employed by CDCR as a Registered Nurse at Corcoran. (Def.'s Answer at 2:21-22, ECF No. 18.)

4. During the relevant period, Plaintiff submitted one health care appeal, log number KVSP-HC-15035982, that was accepted, adjudicated, and exhausted through all three levels of review. (Decl. Gates ¶¶ 8-9, Exs. 1-2.)

5. In health care appeal, log number KVSP-HC-15035982, Plaintiff requested a morphine prescription refill, a back brace, and to keep the medical chrono for a cane. This appeal was denied at the Third-Level of Review. (Decl. Gates ¶¶ 8-11, Ex. 2.)

6. In health care appeal, log number KVSP-HC-15035982, Plaintiff did not allege that Mendivil, or any other member of the medical staff, denied Plaintiff medical treatment on June 2, 2014. (Decl. Gates ¶ 11, Ex. 2.)

7. Plaintiff also submitted one health care appeal, log number KVSP-HC-15035984, that was screened-out and rejected during the relevant period. (Decl. Gates ¶ 12, Exs. 1, 3.)

8. In health care appeal, log number KVSP-HC-15035984, Plaintiff requested a lower bunk chrono, an appointment with a pain management specialist for lower back pain, and an MRI or CAT scan. (Decl. Gates ¶ 12, Ex. 3.)

9. In health care appeal, log number KVSP-HC-15035984, Plaintiff did not allege that Mendivil, or any other member of the medical staff, denied Plaintiff medical treatment on June 2, 2014. (Decl. Gates ¶ 12, Ex. 3.)

10. Other than the above-mentioned health care appeals, Plaintiff did not submit any additional health care appeals that were accepted and adjudicated at the First and/or Second-Levels of Review. (Decl. Gates ¶ 13.)

11. Other than the above-mentioned health care appeals, no other health care appeals submitted by Plaintiff were accepted and adjudicated at the Third-Level during the relevant period. (Decl. Gates ¶ 14.)

**G.     Analysis of Defendant's Motion**

Defendant argues that Plaintiff failed to raise the deliberate indifference claim in his complaint for administrative review.

Plaintiff argues that prison officials interfered with or failed to respond to two unprocessed appeals that he allegedly filed against Defendant Mendivil during the relevant time-period. Plaintiff submits that the two appeals were not responded to, and he therefore was prevented from exhausting his administrative remedies.

In response, Defendant argues she is entitled to summary judgment because the undisputed material facts demonstrate that Plaintiff did not raise the staff complaint allegations in the health care appeal that he actually submitted for review when he had the opportunity to do so, and that Plaintiff did not submit any appeals alleging any issues with the administrative procedures at CSP-Corcoran.

Defendant has submitted evidence and it is undisputed that Plaintiff did not exhaust the administrative remedies for the deliberate indifference claim against her in this action. Accordingly, Defendant has made her initial burden of demonstrating that the administrative remedies were generally available and Plaintiff did not exhaust those administrative remedies. Albino, 747 F.3d at 1172. The burden now shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. In his opposition (as well as in the complaint filed in this action), Plaintiff contends, under penalty of perjury, that on June 4, 2014, he submitted an inmate appeal via

7

mail pick up complaining of Defendant Mendivil's deliberate indifference to his medical needs on June 2, 2014. (Opp'n at 2, 6-7, 14.)[2] However, he never received a response to the appeal. (Id.) Plaintiff also contends, under penalty of perjury, that on June 29, 2014, he submitted an inmate appeal via mail pick up for the failure to respond to the initial appeal on June 4, 2014. (Id.) Plaintiff never received a response to the second appeal. (Id.)

Defendant has not met her ultimate burden on exhaustion. Defendant points out that Plaintiff does not explain why he did not make single reference to any staff misconduct in the narrative of the health care appeal that he actually submitted and exhausted, and there is no evidence that he raised these concerns during the interview process on health care appeal, log number KVSP-HC-15035982. However, at this juncture, the determination of whether Plaintiff properly submitted the June 4, 2014 appeal turns on the relative credibility of the parties which cannot be determined by way of motion for summary judgment. Based on the evidence submitted by Plaintiff there is a genuine issue of material fact as to whether the circumstances rendered the administrative remedies effectively unavailable to him. In light of Defendant's request for an evidentiary hearing if the motion is denied, the Court will recommend that this matter be referred back to the undersigned for the purpose of conducting an evidentiary hearing on the issue of whether Plaintiff submitted an inmate grievance on June 4, 2014, to prison officials. See Albino, 747 F.3d at 1166 (stating "the district judge may decide disputed questions of fact in a preliminary proceeding"); see also Id. at 1173 (citing San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys., 568 F.3d 725, 733 (9th Cir. 2009) (upholding district court evidentiary hearing on the question of whether the prisoner-plaintiff had exhausted his administrative remedies).

///
///
///
///

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant' motion for summary judgment for failure to exhaust the administrative remedies be denied, subject to an evidentiary hearing before the undersigned.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 3, 2018**

UNITED STATES MAGISTRATE JUDGE